**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Doris Clarke,<br><br>Plaintiff,<br><br>v.<br><br>Brightwater Capital, LLC, a Florida limited liability company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 15 C 3095<br><br><br><br>Jury Demanded |

**COMPLAINT**

Plaintiff, Doris Clarke, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Doris Clarke ("Clarke"), is a citizen of the State of Virginia, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed to Grand Home Furnishings, despite the fact that she had exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Brightwater Capital, LLC ("Brightwater"), is a Florida limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Brightwater operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Brightwater was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Brightwater is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant Brightwater is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Brightwater conducts business in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Clarke is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a credit card for home furnishings. At some point in time after that debt became delinquent, Defendant Brightwater bought Ms. Clarke's credit card debt, and when Defendant began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

8. Specifically, Defendant Brightwater had its attorneys, Smith & Cohen

("Smith"), demand payment of the credit card debt from Ms. Clarke, which sent her a collection letter, at the address for her attorneys at LASPD, dated October 8, 2014. A copy of this collection letter is attached as Exhibit B.

9. Accordingly, on December 1, 2014, one of Ms. Clarke's attorneys at LASPD informed Defendant Brightwater, through its attorneys, Smith, that Ms. Clarke was represented by counsel, and directed Defendant Brightwater to cease contacting her, and to cease all further collection activities because Ms. Clarke was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Undeterred, Defendant Brightwater then had another debt collector, Nationwide Debt Management Solutions, call Ms. Clarke directly, including, but not limited to a telephone call on February 5, 2015, from telephone number 888-414-0763, ext. 211, demanding payment of the credit card debt.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Clarke's agent/attorney, LASPD, told Defendant Brightwater to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant Brightwater violated § 1692c(c) of the FDCPA.

16. Defendant Brightwater's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Brightwater knew, or readily could have known, that Ms. Clarke was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that Ms. Clarke was represented by counsel, and had directed a cessation of communications with Ms. Clarke. By directly calling Ms. Clarke, despite being advised that she was represented by counsel, Defendant Brightwater violated § 1692c(a)(2) of the FDCPA.

20. Defendant Brightwater's violation of § 1692c(a)(2) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Doris Clarke, prays that this Court:

1. Find that Defendant Brightwater's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Clarke, and against Defendant Brightwater, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Doris Clarke, demands trial by jury.

Doris Clarke,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 8, 2015

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com